MEAPALA MA'AE, Plaintiff

v.

SOLIAI TUPUINE FUIMAONO, Defendant

[In the Matter of the Matai Title "MA'AE"].

High Court of American Samoa
Land and Titles Division

MT No. 5-84

November 2, 1987

Before REES, Chief Justice.

Counsel: For Plaintiff, Charles Ala'ilima
For Defendant, Aviata Fa'alevao

Opinion and Order on Motion for Summary Judgment:

This case arises from an attempt by plaintiff Meapala Ma'ae to register the matai title "Ma'ae" of the village of Nu'uuli. An objection was filed by Soliai, who does not want the title for himself but claims that Ma'ae is a lesser matai of the Soliai family and that according to family custom Soliai has the right to designate the holder of the Ma'ae title.

Plaintiff has moved for summary judgment on the ground that any traditional right of a senior matai to designate a lesser matai within his family has been overridden by A.S.C.A. § 1.0409, which specifies four criteria on which the court must evaluate candidates for a contested matai title. These four criteria are the best hereditary right to the title; the "wish of the majority or plurality of those clans of the family as customary in that family"; forcefulness, character and personality; and value to the family, village, and country. Since the wish of the senior matai of the family is not listed as a criterion, plaintiff urges that the Court is forbidden to entertain Soliai's claim that he is entitled to name the titleholder. Indeed, it would appear from plaintiff's motion and memorandum that no family member ever has standing to object to a proposed matai title registration unless that family member wants the title for himself. In any case in which there is only one claimant and that claimant possesses the minimum statutory qualifications to hold a title, the Court would have no choice but to award him the title even if every other member of the family vigorously objects.

This argument must be rejected. To adopt it would be to give powerful support to the unfortunate idea that the laws of American Samoa having to do with matai titles are at least irrelevant, and perhaps even hostile, to the customs and traditions of the Samoan people.

The statute defining the Court's duty in matai title disputes --- which is exercised only when the family cannot reach agreement over who should hold the title ---attempts to approximate the factors

which, according to tradition, the family itself would consider in reaching its decision. Any approximation is necessarily imperfect; legislators and judges are human beings who sometimes make mistakes. In considering the four statutory criteria for matai titles, however, the Court should always be guided by the overarching purpose of the statute, which is to preserve Samoan culture rather than to destroy it. The Court should interpret the statutes so as to minimize the extent to which customary law is modified or overridden by the imported procedural framework in which it now must be applied.

It is not inconceivable that some case might arise in which family custom is clearly inconsistent with A.S.C.A. § 1.0409 and has therefore been overridden by its enactment. It is by no means clear, however, that this is such a case. If Soliai should succeed at trial in proving that family custom gives him the right to designate the Ma'ae titleholder, then for the Court to designate someone else would hardly seem consistent with the wish of the majority or plurality of the clans "as customary in the family." A.S.C.A. § 1.0409(c)(2) (emphasis added). Such a titleholder would in any case seem to be of little value to the family, village, and country; and it is not clear that anyone could have any hereditary right at all to a title if it is proven that heredity traditionally played no part in its bestowal. See A.S.C.A. § 1.0409(c)(1),(4). The Court need not award the title to a contestant simply because no one else claims it, but may allow the title to remain vacant if this is the wish or custom of the family. See Sami v. Semaia, 1 A.S.R. 481 (1933).

The motion for summary judgment is denied.